■     In the Matter of BUNKER RAMO CORPORATION, Petitioner, v IVAN E. IRIZARRY, as Finance Administrator of City of New York, et al., Respondents.—Determinations of respondent, Finance Administrator of the City of New York, each dated December 4, 1974, denying petitioner's claims for refunds of public utility excise taxes paid on its gross receipts from New York City subscribers to its Telequote III service, unanimously annulled, on the law, without costs and without disbursements, and respondents are

directed to make the refunds prayed for in the petition ($76,171.01 for the period May 1, 1970 to March 31, 1971 and $77,221.87 for the period June 1, 1971 to April 30, 1972). Section QQ46-2.0 of the Administrative Code of the City of New York provides for the imposition of an excise tax on "every vendor of utility services in the city". Subdivision 7 of section QQ46-1.0 of the Administrative Code defines "Vendor of utility services" as "Every person not subject to the supervision of the department of public service who furnishes or sells * * * telegraphy * * * or telegraph service". Respondents claim that petitioner, by virtue of its Telequote III service, is selling telegraphy or furnishing telegraph services and is, therefore, a vendor of utility services subject to the subject taxation. We cannot agree. The terms telegraphy and telegraph services, as used in the above-quoted sections of the Administrative Code, refer to "telegraphic services as such are ordinarily understood" *(Homes Elec. Protective Co. v McGoldrick,* 262 App Div 514, 520, affd without opn 288 NY 635). They do not apply to the remote access electronic data processing and digital computer services provided by petitioner to its subscribers under the denomination Telequote III. Respondents' reliance on *Scantlin Electronics v Gallman* (NYLJ, April 24, 1974, p 17, col 3, affd without opn *sub nom Quotron Systems v Gallman,* 47 AD2d 719, mot for lv to app granted 36 NY2d 648), is misplaced. While, on the surface, the cited case is somewhat factually similar to the case at bar, it is significant to note that the Trial Justice specifically found therein that "plaintiff's assertion that it sells a market analysis service rather than selling transmission of information is not supported by the evidence". On the basis of the facts in the record before us in the case at bar, we are satisfied that this petitioner does sell market analysis services. Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.